OFINTON of the court, by
Judge Wallace.
This is a contest on interfering claims to land, derived from the commonwealth of Virginia. Kincaid, who was the defendant in the court below, relies on hi? having obtained the elder grant, and has put in issue the notoriety of the objects called for in the location and entries, on which the heirs of Blythe found their equity ; therefore, their validity is first to be investigated. The location with the commissioners, is in substance as follows : December 22d 1779, Anthony Bledsoe, as-signee, &c. claimed a settlement and pre-emption on a branch of Silver creek, about four miles from the little Fort on Boone’s old trace, including a tree marked D. B. And the commissioners adjudged that the said Bledsoe had a right toa settlement of 400 acres of land, to include the above location, and the pre-emption of 1000 acres adjoining.
On February 21st 1780, this settlement right was entered with the surveyor, “ on a branch of Silver creek, surveyed about four miles from the little Fort on Boone’s old trace, including a tree marked D. B.”
And on April 29th 1780, the pre-emption was entered with the surveyor, to adjoin the settlement all around.
At first view the entry of the settlement with the surveyor would seem to have departed from its location with the commissioners, by having the word surveyed inserted therein, which implies that a previous survey-had been made on the land intended. But as no such survey is exhibited or prc.v.n, it is more probable that the words to be, were meant to be prefixed to the word surveyed, but inadvertently omitted, and chat no departure from the location with the commissioners was in *480 tended. From the nature of the objects called ¡or ui this entry, and from the exhibits in this suit, it is evident that when the entry was made, Boone’s old trace, the little Fort and Silver creek, were ail well known by those names, to the generality of those who were conversant in their vicinity. And it further appears that about four miles from the little Fort on a southern direction, Boone’s old trace struck Hayes’s fork of Silver creek, which may be presumed to be the branch of Silver creek intended ; and if the entry contained no other calls, it would deserve serious consideration, whether the place where the trace crossed Hayes’s fork of Silver creek ought not to be assumed as the centre of the survey to be made thereon. But this entry’ also calls to include a tree marked D. B. ; which is obviously a locative and material call, and therefore, conformably to the uniform decisions of this court on similar entries, must be taken into consideration in deciding on this entry ; and it would only have been necessary to prove the tree to have been thus marked prior to the date of the entry, and that it could have been found by using reasonable diligence.
But there is no evidence in the cause from which it can be infered that the letters D. B. on a large white oak tree which is now shewn, had then an existence. And it need only be further observed, that the tree was about 20 poles from Boone’s old trace, and not so contiguous thereto that it could have been seen by those who passed along it; indeed n does not appear ever to have been discovered, only by two or three persons, and not until eight or nine years after the date of the entry in question ; so that the entry cannot be sustained on any principle founded on the land law, and consequently the entry" of the pre-emption which calls to adjoin it all around, must fall likewise. But the court below has altogether disregarded the call to include airee marked D. B. and decreed that the termination of four miles from the small Fort along Boone’s old trace ought to have been assumed as the centre of the survey made oa this entry ; which is repugnant to the decision of this court ⅛ the case Cox vs. Smyth (Hard. Rep. 411) and many others which need not be refered to.
Decree reversed, and bill dismissed.